## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JACKIE R. WILKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-4074-SAC |
| | ) |
| **KMART CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter comes before the court upon defendant's Motion to Compel (Doc. 33) and plaintiff's Motion to Strike (Doc. 41). On May 18, 2006, the court held a telephone hearing on these motions (Doc. 43). Upon conclusion of the telephone hearing on these motions, the court ruled on the parties' respective motions and shall memorialize those rulings below:

**IT IS THEREFORE ORDERED that:**

(1) Defendant's Motion to Compel (Doc. 33) is granted in part and denied in part. Specifically, defendant's Motion to Compel (Doc. 33) is:

(a) Denied as moot as to defendant's Interrogatory No. 7 and defendant's Request for Production No. 9;

(b) Granted as to defendant's Interrogatory No. 4. On or before **May 25, 2006**, plaintiff shall provide to defendant a formal supplement to defendant's Interrogatory No. 4, laying out in detail the manner in which plaintiff reached his calculation of damages. Such supplemental answer shall be accompanied by a signed verification by the plaintiff;

(c) Granted as to defendant's Request for Production No. 5. On or before **May 25, 2006**, plaintiff shall provide formal notice to defendant that plaintiff is not seeking attorney's fees in this matter.

    (d)  Granted as to defendant's Request for Production No. 19. On or before **May 25, 2006**, plaintiff shall photocopy and mail to defendant, at defendant's expense, all written discovery requests and responses contained in plaintiff's <u>Wilkins v. Packerware</u> file.

 (2)  Plaintiff's Motion to Strike (Doc. 41) is hereby denied.

As a final matter, the court notes that an attorney's failure to comply fully with discovery in a case frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk. These possible negative consequences should provide the parties with adequate incentives to diligently comply with the rules of procedure and orders issued in a case even without the possibility of sanctions. However, should these incentives alone prove insufficient, plaintiff and his counsel should be mindful of the strong probability of serious sanctions for any repetition of this behavior in the future. The court strongly urges plaintiff and his counsel to heed this warning as the court will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.

 **IT IS SO ORDERED.**

Dated this 22nd day of May, 2006, at Topeka, Kansas.

                s/ K. Gary Sebelius
                K. Gary Sebelius
                U.S. Magistrate Judge