IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACKIE R. WILKINS

Plaintiff,

Vs.                                             No. 05-4074-SAC

KMART CORPORATION,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's motion in limine (Dk. 82), the defendant's motion in limine (Dk. 85), the plaintiff's objections to the defendant's exhibits (Dk. 79), and the defendant's objections to plaintiff's witness and exhibit list (Dk. 80). Based on the arguments and record made in the parties' briefs, the court will address those issues and objections that can be decided properly before trial.

A motion in limine presents the trial court with the opportunity "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quotation and citation omitted); *see also see United States v. Cline*, 188 F. Supp. 2d 1287, 1291-1292 (D. Kan. 2002), *aff'd*, 349 F.3d 1276

(10th Cir. 2003) .  Though such rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence.  Consequently, a court should reserve its rulings for those instances when the evidence plainly is "inadmissible on all potential grounds,"  *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003), and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975).

A trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion.  *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).  Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citation omitted).  "A district court may change its ruling at any time for whatever reason it deems appropriate."  *Id.* (quotation omitted).

The threshold inquiry on the admissibility of evidence is its relevance defined as "having any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence is admissible, and irrelevant evidence is not. Fed. R. Evid. 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

**Plaintiff's Motion in Limine (Dk. 82)**.

<u>Lawsuit against Prior Employer</u>

The plaintiff brought a workers' compensation retaliatory discharge case against a prior employer that went to trial and resulted in a jury verdict against the plaintiff.  *Wilkins v. Packerware Corp.*, No. 04-4024-KGS.  The plaintiff seeks to preclude any mention of this prior lawsuit or its introduction in the instant case.  The plaintiff argues lack of relevance, improper character evidence, potential for jury confusion, and unfair prejudice.  The defendant counters that evidence of the plaintiff's prior workers' compensation injury is relevant to the issue of its intent in that the defendant knew of this work-related injury prior to hiring the plaintiff.  The

3

defendant also contends the prior injury is relevant in proving the plaintiff's knowledge and experience with properly reporting work-related injuries and injury-related absences and in proving the reasonableness of the defendant's belief that the plaintiff would do the same.

The court denies the plaintiff's motion with respect to evidence of his prior work-related injury and his participation in other workers' compensation matters occurring before his termination on June 26, 2003. Such evidence may have relevance in proving the plaintiff's familiarity and knowledge with rights and responsibilities attendant to such matters. The court does not see unfair prejudice flowing from such limited evidence. The court, however, sustains the plaintiff's motion as to other evidence concerning the prior workers' compensation proceedings, the prior retaliatory discharge action, and the outcome of any such litigation, all of which appears to have occurred after his termination on June 26, 2003. As with any of its in limine rulings, the court will reconsider it upon a party's request and showing made outside of the jury's hearing.

<u>Accuracy of the Date Given for the Plaintiff's Injury</u>

The plaintiff seeks to preclude the defendant from offering evidence that contradicts the date of injury appearing on his initial injury

4

report.  The plaintiff now concedes he was not injured on that date as he was off work on funeral leave.  The plaintiff, however, wants to lock the defendant into this fictional date, because the defendant assisted him in preparing the initial injury report and because the defendant stipulated to this date of injury in the workers' compensation proceedings.

The court denies the plaintiff's motion.  Part of the plaintiff's evidentiary burden at trial will be showing that he sustained a work-related injury for which he might assert a workers' compensation claim.  In deciding whether the plaintiff has carried his burden of persuasion, a jury is entitled to consider relevant evidence that contradicts the plaintiff's claimed injury, including evidence of the plaintiff's failure to give an accurate date of injury when initially reported.  The evidence in question does not implicate any serious considerations under Rule 403.  Finally, the parties' stipulation to the date of injury in the workers' compensation proceeding "is not a proper candidate for issue preclusion in this case."  *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002) (quotation and citation omitted).  The plaintiff does not show the stipulation in the workers' compensation proceeding to have been made with the manifest intent to bind the parties in all separate and subsequent actions.  *Id.*

5

<u>Absences During Probationary Period</u>

Because these absences are not asserted as a factor or justification for his termination, the plaintiff moves to exclude all argument and evidence regarding them.  The plaintiff summarily challenges these earlier absences as irrelevant and immaterial and contends evidence of these absences will extend the trial and cause problems that can be solved by exclusion under Rule 403.

The court denies the plaintiff's motion.  As shown in the defendant's response, the plaintiff's employment history during his probationary period is relevant on several important issues, including the plaintiff's credibility, as well as the defendant's knowledge and intent. Considering that the plaintiff's employment lasted less than four months and his claimed injury allegedly occurred less than three weeks after he started work, the admission of the plaintiff's entire employment history does not trigger substantial Rule 403 questions.

<u>Failure to Call Witness–Probable Testimony of Absent Witness</u>

The plaintiff seeks to keep the defendant from arguing or implying that the plaintiff did not call certain witnesses because their testimony would have been favorable for the defendant.  On a related

point, the plaintiff also objects as hearsay any statements offered of what others might have said had they been called as witnesses.  The defendant concurs that neither party should argue any negative inference from a party's failure to call a witness equally available to the parties.  On the parties agreement, the court sustains the plaintiff's motion insofar as the parties shall not argue negative inferences from the failure to call witnesses equally available to them nor speculate about the testimony of such absent witnesses.

<u>Opinion Testimony</u>

The plaintiff asks the court to preclude the defendant's witnesses from offering opinions as to the motive or intent behind the defendant's actions.  The plaintiff objects arguing inadmissible opinion testimony from lay witnesses, unfair prejudice, and invasion of the jury's province.  The defendant correctly counters that a witness has personal knowledge of his or her own state of mind and intention when he or she acted and remains competent to testify about the same.

The plaintiff does not offer any viable ground for an in limine ruling that would preclude a defendant's witness from testifying on the basis of personal knowledge about his or her own state of mind and

intentions while acting on behalf of the defendant.  The court denies the plaintiff's motion to exclude such testimony.

<u>Amount of Workers' Compensation Benefits</u>

The defendant agrees with the plaintiff that evidence of the amount of workers' compensation benefits paid to the plaintiff is irrelevant and inadmissible.  The court sustains the plaintiff's motion on this issue.

**Defendant's Motion in Limine (Dk. 85).**

The defendant seeks a ruling that would limit the plaintiff to testifying about what he experienced and felt while using Flexeril but preclude him from opining that Flexeril caused him dizziness and drowsiness.  The defendant objects that the plaintiff lacks the medical training and knowledge to opine that the medical cause of his dizziness and drowsiness was Flexeril.  Because people can experience different side effects from medication, the plaintiff proposes that the person taking the medication is the only person competent to testify as to what particular side effects were experienced from a medication.

In the summary judgment proceedings, the court observed:

There is no question that the plaintiff is competent to testify with regard to what he was physically experiencing (pain, dizziness and other symptoms), what he did in response to these physical symptoms, and what he communicated to his doctors and the

8

> defendant representatives about the same.  The defendant appears
> to concede the same.  (Dk. 66, p. 8).  At this stage, the court
> considers the plaintiff's testimony as admissible and relevant in
> proving what both parties may have known and believed were the
> reasons for the plaintiff's absences at the time of discharge.

(Dk. 69, p. 18 n. 3).  While this ruling is correct and will be applied at trial so

far as it goes, the ruling does not squarely address whether the plaintiff

may opine that his drowsiness and dizziness were medically caused by the

Flexeril as opposed to other possible medical causes.  Such a causation

opinion can only be rendered on the basis of specialized knowledge held

by an expert qualified by medical education, experience and training.  *See*

Fed. R. Evid. 701 and 702.  On the other hand, the plaintiff certainly is

qualified by personal knowledge to testify about what physical and

emotional changes he experienced while taking Flexeril and about how

these changes impacted him.  Additionally, prior statements or

communications by the plaintiff that include a personal belief or causation

opinion may be admissible if offered to prove notice and knowledge rather

than medical causation.  There also may be other similar circumstances

and settings that would allow the plaintiff to testify about his knowledge and

understanding of Flexeril's effect upon him if offered for purposes other

than to prove medical causation.  The court sustains the defendant's

9

motion in limine in part.

**Plaintiff's Objections to Defendant's Exhibits (Dk. 79)**

<u>Testimony of Dr. Robert Bruce and Exhibit 402</u>

The plaintiff objects that the defendant has not complied with Fed. R. Civ. P.  26(a)(2)(B) in that Dr. Bruce's report fails to contain a complete statement of all opinions and the basis and reasons therefor and fails to identify the medical records allegedly reviewed.  Because the defendant has not responded to this objection, the court treats it as unopposed and grants it.

<u>Exhibit 403</u>

This three-page typewritten document is signed by Martha Oelschlaeger, the defendant's Human Resources Generalist at the time of the events in question.  The plaintiff objects that the document is hearsay and fails to meet the exception for business record as it was prepared in anticipation of litigation.  The plaintiff further objects that the document also contains double hearsay.

The defendant puts forward Ms. Oelschlaeger's deposition testimony concerning her preparation of this document and her reason for preparing it.  She testified that she regularly keeps logs for employees'

workers' compensation claims and that the exhibit was prepared at the time of the plaintiff's termination and is "a compilation of the handwritten notes" kept of her relevant conversations and retained in the employee's claim file. (Dk. 87, Ex. 1, pp. 55-56).  The defendant contends this testimony establishes the admissibility of this record as a business record and the statements and observations of other Kmart employees found in that record come within the hearsay exception.

The court intends to take the plaintiff's objection under advisement at this time.  The Tenth Circuit has summarized the foundation necessary for a business record exception under Fed. R. Evid. 803(6):

> To fall within this exception, a document must (1) "have been prepared in the normal course of business; (2) . . . have been made at or near the time of the events it records; and (3) . . . be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant."  5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 803.08[1], at 803-56 (2d ed. 2002) (cross references omitted). "To have been prepared 'in the normal course of business,' the memorandum must have been made in the regular course of business of a regularly conducted business activity; and it must have been the regular practice of that business to have made the memorandum."  *Id*.; *see Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1090 (10th Cir. 2001).

*Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004).

Even if a document meets the requirements for a business record, it may

be inadmissible if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness."  Fed. R. Evid. 803(6); *Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1090 -1091 (10th Cir. 2001) (citing Fed. R. Evid. 803(6) advisory committee notes (1972) ("describing rationale underlying exception as '[t]he element of unusual reliability . . . said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation'")).  "Thus, the motivation of a record's author is relevant to admissibility."  *Echo Acceptance Corp.*, 267 F.3d at 1091 (citation omitted).

"'It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business.'" *Echo Acceptance Corp.*, 267 F.3d at 1091 (quoting *Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 342 (10th Cir. 1995).  The panel in *Echo Acceptance* also cited *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204 n. 2 (4th Cir. 2000), observing and quoting: "that documents 'prepared in view of litigation[ ] are not admissible as

12

business records under Rule 803(6) and illustrate . . . that such documents prepared specifically for use in litigation are dripping with motivations to misrepresent.'" (citations omitted).  In *Hertz*, the court listed those factors that have been identified as relevant in deciding trustworthiness:  "(1) the business significance of the document outside the litigation context, (2) the level of experience of the preparer in creating such documents, and (3) the neutrality of the preparer."  370 F.3d at 1020 (citation omitted).

"'Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person.'"  *United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. ,2006) (quoting *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (10th Cir. 1991)), *petition for cert. filed*, __ U.S.L.W. __ (Dec. 23, 2006) (No. 06-10354).  "If any person in the process is not acting in the regular course of business, then an essential link in the trustworthiness chain fails . . . ."  *United States v. McIntyre*, 997 F.2d 687, 699 (10th Cir. 1993), *cert. denied*, 510 U.S. 1063 (1994).  Thus, "[a]ny information provided by another person, if an outsider to the business preparing the record, must itself fall within a hearsay exception to be admissible."  *United States v. Gwathney*, 465 F.3d at 1141 (citation omitted).  Thus, the defendant must

show that each of the employees supplying information or statements to Oelschlaeger "were acting in the course of a regularly conducted business activity of" Kmart in order for their hearsay statements to come within this exception.  *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 729 (10th Cir. 1993).

The court reserves its ruling on the plaintiff's objection until after the defendant has had an opportunity at trial to meet these requirements.

### Exhibits 404 and 405

Exhibit 404 is a referral written by Dr. Bock on June 18, 2003, for a nerve conduction/EMG study on the plaintiff in regards to his work-related injury.  The physician who conducted the study wrote Dr. Bock a letter dated July 9, 2003, which is Exhibit 405.  The plaintiff objects that these exhibits are not relevant to any issue at trial.  The defendant argues that evidence of it continuing to pay for the plaintiff's medical treatment received after his termination goes to the issue of the defendant's knowledge and intent.

Because the context and purpose for offering these exhibits seems unclear, the court will take the plaintiff's objections under

14

advisement and rule at trial.

## Exhibits 407 and 408

Without further explanation or detail, the plaintiff summarily objects that these exhibits fall within the scope of his motion of limine and should be excluded for this reasons.  The court expects that in their introduction of evidence and in their arguments in front of the jury, the parties will abide fully with the court's in limine rulings.

**Defendant's Objections to Plaintiff's Witness and Exhibit List (Dk. 80).**

## Plaintiff's Exhibit Three

Exhibit Three is a two-page document apparently printed from the online source, Medscape, that discloses such information as the use and adverse effects of the prescription drug, Flexeril.  The defendant asserts objections for hearsay, lack of foundation, and improper expert testimony. The plaintiff describes Medscape and compares it to a technical dictionary or treatise.  Neither the case law cited by nor the arguments made by the plaintiff are persuasive in showing the admissibility of this exhibit.  The court sustains the defendant's objection to this exhibit, but it will reconsider its ruling on the use of this exhibit if the plaintiff can come forward with expert testimony establishing a sufficient foundation.

15

Objections to Witness List

Because the plaintiff failed to identify them in his discovery or in his initial Rule 26 disclosures, the defendant seeks to exclude the following witnesses:  Woody Houseman; James Werner, M.D.; Dick Santner, M.D.; Edward Prostic, M.D.; and Dr. Robert Satake.  The defendant asserts prejudice in that it did not depose these witnesses nor seek additional discovery concerning them, as the plaintiff failed to identify them in his initial Rule 26 disclosures.  The defendant also complains about the plaintiff's incomplete description of these witnesses' expected testimony.

"A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1).  The district court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002).  Though explicit findings on justification or harmlessness are not required, a court should evaluate four factors:  "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which

16

introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures. *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004). That the other side may have known the identity of a possible witness "is no substitute for compliance with Rule 26." *Mehus v. Emporia State University*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004). A court, however, may treat the failure to disclose witness information as harmless "if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial." 6 Moore's Federal Practice § 26.27[2][d] at 26-94 (3rd ed. 2005) (citations omitted).

The plaintiff does not attempt to show substantial justification for his violation of Rule 26(a)(1). Nor does he come forward with convincing arguments or proof that his failure to disclose is harmless to the defendant. In reliance on the plaintiff's decision not to disclose these persons as witnesses, the defendant did not depose them or seek additional discovery about them. With trial scheduled to commence within

17

a matter of days, the defendant has little time to counter the plaintiff's late submission.  Finally, as revealed in its objection, the defendant is not well aware of what these witnesses may know about this case or the scope of their expected testimony.  At this point, the court is inclined to grant the defendant's objection to these five witnesses unless the plaintiff is able to show that the failure to disclose is harmless.

IT IS THEREFORE ORDERED that  the plaintiff's motion in limine (Dk. 82) is granted in part and denied in part;

IT IS FURTHER ORDERED that the defendant's motion in limine (Dk. 85) is granted in part and denied in part;

IT IS FURTHER ORDERED that the plaintiff's objections to the defendant's exhibits (Dk. 79) is granted in part and denied in part; and

IT IS FURTHER ORDERED that the defendant's objections to plaintiff's witness and exhibit list (Dk. 80) is granted.

Dated this 10th day of April, 2007, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge