IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACKIE R. WILKINS,

      Plaintiff,

Vs.                No. 05-4074-SAC

KMART CORPORATION,

      Defendant.

MEMORANDUM AND ORDER

    The case comes before the court on the plaintiff' motion to retax costs. (Dk. 135). After a three-day trial, the jury returned its verdict for KMart Corporation on the plaintiff's workers compensation retaliatory discharge claim. (Dks. 107, 116). The plaintiff appealed and the Tenth Circuit affirmed the judgment of the district court. (Dk. 131). KMart Corporation submitted an amended bill of costs in the amount of $7,654.42. (Dk. 132). The Clerk of the Court taxed costs in the amount of $5,149.32. (Dk. 134). The plaintiff in his motion to retax urges the court to reconsider the bill of costs and to not assess them in light of the plaintiff's indigence.

    For proof of his current financial condition, the plaintiff summarizes his trial testimony from April of 2007 about his different periods of unemployment following his discharge, his limited income, his medical

problems, his need for medications, and his lack of medical insurance. The plaintiff also cites his financial affidavit filed in July 2007 that the district court considered before granting his motion for leave to proceed on appeal in forma pauperis. (Dks. 118 and 120). The plaintiff, however, offers no evidence of his current financial circumstances as of the filing of this motion to retax in January of 2009.

      The award of costs pursuant to Fed. R. Civ. P. 54(d) is committed to the district court's sound discretion subject to the presumption in Rule 54 that the prevailing party will recover costs and subject to the requirement that the district court supply a valid reason for denying costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *Cantrell v. International Broth. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). The party opposing costs carries the burden of overcoming the presumption in favor of costs. *Id.* The Tenth Circuit in *Cantrell* identified some of those reasons for denying costs recognized by other circuits, including the Seventh Circuit holding that "the nonprevailing party was indigent." 69 F.3d at 459 (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985)). More recently, the Tenth Circuit has reiterated that "the denial of costs is in the nature of a

severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Rodriguez*, 360 F.3d at 1190 (quotations and citations omitted). Consequently, even if the non-prevailing party is indigent, a district court does not abuse its discretion in awarding costs when there is no apparent reason to penalize the prevailing party. *Id.*; *see Sandle v. Principi*, 201 Fed. Appx. 579, 583 (10th Cir. 2006).

Costs may be awarded against an in forma pauperis party. *See* 28 U.S.C. § 1915(f)(1); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). Consequently, the earlier order granting the plaintiff leave to proceed on appeal without prepayment of the filing fee does not restrict the court's consideration of the evidence or its holding on the pending motion to retax. For that matter, this finding was made over 18 months ago based on a financial affidavit that asserted several important circumstances which may or may not have changed now. The court accords no presumptive weight to its prior in forma pauperis finding. *See, e.g., Lewis v. U.F.C.W. Dist. Union Local Two and Employers Pension Fund*, 273 Fed. Appx. 765, 768 (10th Cir. 2008); *Sandle v. Principi*, 201 Fed. Appx. 579, 583 (10th Cir. 2006).

Because the Tenth Circuit cited Seventh Circuit case law in

3

recognizing the indigence factor, federal courts from the District of Kansas have looked to the Seventh Circuit for the law in evaluating a claim of indigence. *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 902 (D. Kan. 2007); *Coleman v. Blue Cross Blue Shield of Kansas*, No. 05-4149-JAR, 2008 WL 4974822, at *1 (D. Kan. Nov. 14, 2008). The party opposing costs must come forward with sufficient documentation for the court to find that the party "is incapable of paying the court-imposed costs at this time or in the future." *Treaster*, 505 F. Supp. 2d at 902 (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* Should the opposing party attain this threshold finding, the district court then "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised." *Id.*; *see also Coleman*, 2008 WL 4974822 at *1.

The plaintiff here has failed to provide the documentation necessary for a finding that he is incapable of paying court-imposed costs at this time or in the future. The most current information from the plaintiff is his financial affidavit that is over 18 months old. The most critical fact

disclosed in the plaintiff's affidavit was his "leave of absence" from employment for circumstances that may or may not have changed in the last 18 months. Current documentary evidence on which the court can reasonably rely is not too much to expect from a party for this threshold showing of indigence.

The plaintiff blames the cause of his "precarious financial situation" on the defendant firing him. It is an unreasonable stretch to say the plaintiff's financial situation in 2009 is the result of his discharge in 2003 when he had worked for the defendant less than four months before his discharge. The plaintiff offers no tenable reason for why the defendant should be penalized in this case by the denial of costs.

IT IS THEREFORE ORDERED that the plaintiff' motion to retax costs (Dk. 135) is denied.

Dated this 10th day of February, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge